UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 1:19-CV-11959-DLC

SUSAN FERRAZ,

Plaintiff,

v.

HOWARD SPEICHER, individually, and in his official capacity as judge of Massachusetts Land Court,

Defendant.

**JUDGE HOWARD SPEICHER'S MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

Judge Howard Speicher, in his individual and official capacities ("Speicher"), hereby moves to dismiss the complaint in its entirety with prejudice. This case arises out of an August 19, 2015, judgment that Speicher issued against Susan Ferraz ("Ferraz") in the Commonwealth of Massachusetts Land Court. Ferraz appealed the judgment to the Commonwealth of Massachusetts Appeals Court, which affirmed Speicher's decision, and the Supreme Judicial Court denied further appellate review. Exhibits 1 – 3, herewith.[1] Subsequently, Ferraz filed a suit against Speicher in the Commonwealth's Superior Court, setting forth the same claims she asserts herein ("Superior Court Action"). Exhibit 4 ("Sup. Ct. Complaint"); *See* Federal Complaint. On September 13, 2019, the

[1] On a motion to dismiss the Court may take judicial notice of the previous court decisions referenced in, or related to, the Plaintiff's Complaint in this case and the filings in *Ferraz v. Speicher*, Suffolk Superior Court C.A. No. 1984CV01510. *See Hudson v. MacEachern*, 94 F.Supp.3d 59 (D. Mass. 2015) (documents from prior state court adjudications are matters of public record and, as such, are appropriate for consideration on a motion to dismiss); *see also Alternative Energy v. St. Paul Fire & Marine*, 267 F.3d 30, 33 (1st Cir. 2001) (exception to general rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.").

11/1/19 ORDER The motion to dismiss the complaint with prejudice is allowed. Judge Speicher is protected by the doctrine of absolute judicial immunity. Plaintiff's reliance on Rankin v. Howard, 633 F.2d 844 (9th Cir. 1980) is misplaced because it was overruled by Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986). The judge had jurisdiction to hear the dispute. Patti B. Saris